UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHAZQUAH A. S.

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

CASE NO. 2:25-CV-2266-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of Defendant's denial of her application for supplemental security income ("SSI").[1] After review, the Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating certain medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations or the ultimate determination of disability may have changed. The ALJ's error, therefore, is not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

Commissioner of the Social Security Administration for further proceedings consistent with this order.

## I.    Procedural History

Plaintiff filed her application for SSI on September 21, 2021, alleging disability as of March 24, 2021. Administrative Record ("AR") 124–25. Her claim was denied initially on March 15, 2023, and upon reconsideration on March 15, 2024. AR 124, 136. A hearing was held before ALJ Joyce Frost-Wolf ("the ALJ") on January 10, 2025, who issued a decision denying Plaintiff's claim on January 29, 2025. AR 17–35. The Appeals Council denied Plaintiff's request for review on October 9, 2025, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1. From this decision, Plaintiff filed a complaint with this Court on November 17, 2025, seeking judicial review of the ALJ's decision denying benefits. Dkt. 5.

## II.    Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [they] did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

**III.    Discussion**

Plaintiff argues that the ALJ erred in evaluating (1) certain medical opinion evidence, and (2) Plaintiff's subjective symptom testimony. Dkt. 11 at 1.

A.    <u>Medical Opinion Evidence</u>

Plaintiff argues that the ALJ erred in evaluating the medical opinion evidence of Dr. Rachel Beda. Dkt. 11 at 3–10.

For applications filed after March 27, 2017, in evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] Rather, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* The critical factors in an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). A medical opinion is more "supportable," and therefore more persuasive, when the sources provide ample relevant "objective medical evidence and supporting explanations" for their medical opinion. *Id.* "Consistency means the extent to which a medical opinion is

---

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2).

Critically, an ALJ must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Dr. Beda served as Plaintiff's primary care provider "for over a decade." AR 29; Dkt. 11 at 7. Dr. Beda submitted opinions on behalf of Plaintiff on May 2, 2023, September 10, 2024, and September 16, 2024. AR 552, 1445, 1453. In the May 2, 2023, opinion, Dr. Beda noted that, due to her relationship with Plaintiff, she was "highly familiar with [Plaintiff's] medical and psychiatric conditions" and that Plaintiff "suffers from extreme social anxiety" which "prevents her from keeping a job that has any amount of social interaction, which is pretty much any job." AR 552.

On September 10, 2024, Dr. Beda filled out a form opining, *inter alia*, that Plaintiff would be unable to: "work in coordination with others without being unduly distracted by them such that [Plaintiff's] work would be interrupted more than 20% of the time," "work in proximity to others without being unduly distracted by them such that [Plaintiff]'s work would be interrupted more than 20% of the time," "interact appropriately with the general public on a regular and consistent basis," and "respond appropriately to criticism from supervisors." AR 1443. Finally, Dr Beda opined that Plaintiff would have problems staying on task for a two-hour

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

period "[e]very day" and Plaintiff would be absent from work "[o]nce a week" due to a combination of her conditions. AR 1444–45.

The ALJ found Dr. Beda's opinion was not persuasive. AR 31. The ALJ found that Dr. Beda's assessment is "supported by [her] specialized medical knowledge, experience, and training and appear to be based on an established, ongoing treating relationship." *Id.* Nonetheless, the ALJ found that the opinion "underestimate[s] [Plaintiff]'s remaining mental functional abilities and [is] unsupported by the medical evidence." *Id.*

Specifically, the ALJ notes that Dr. Beda failed "to identify objective evidence . . . to support and/or explain [her] ratings[,]" that "it appears [the ratings] were largely based on [Plaintiff]'s self-reporting," and that the ratings were "inconsistent with the relatively normal mental status examination findings during this period[.]" *Id.* Finally, the ALJ found that Dr. Beda's "ratings are inconsistent with [Plaintiff]'s statements expressing general satisfaction with and 'doing well' with her prescription medications and acknowledging adequate interest, motivation, attention, and concentration for activities and/or hobbies that she enjoys such as art group,[3] crafting, video games, and journaling." *Id.*

First, Plaintiff argues that the ALJ "improperly rejected [Dr. Beda's] opinion on the basis that the opinion is inconsistent with the relatively normal mental status examination (MSE) findings during this period because during this period, many MSE findings *were not normal*." Dkt. 11 at 5 (emphasis added). Indeed, while Plaintiff did present with "normal" mood and affect, "cooperative" behavior, and was well-groomed at *some* appointments, AR 874, 878, the record, generally, does indicate "normal" mental status exam findings.

---

[3] The Court observes that Plaintiff's "art group" was a therapy program where Plaintiff's goal was to increase interpersonal skills; medical records indicate that, on at least one occasion, Plaintiff was "[u]nable to do the usual art therapy[,] [t]ried going on their own yesterday but it 'backfired.'" AR 1382, 1167.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

For instance, the ALJ contends that exam notes from April 21, 2023, Exhibit C10F/40, do not support Dr. Beda's opinion, but the Court notes that, despite a "pleasant, cooperative, engaged, [and] well[-]groomed" appearance, these records indicate that Plaintiff's mood was "okay" and she reported being "anxious." AR 878. Similarly, the ALJ contends that notes from February 21, 2023, Exhibit C10F/44, do not support Dr. Beda's opinion, but those records *also* indicate Plaintiff's stated mood was "stressed" and noted "extensive and severe physical and emotional abuse which made [Plaintiff] feel fearful for life and powerless." AR 882.[4]

Finally, the ALJ asserts that Exhibits C19F/211–12, 217–18, and 223–24, are not consistent with Dr. Beda's opinion, but these records *are* consistent with Dr. Beda's opinion, indicating that Plaintiff "continues to experience stress" and "struggles with feeling depressed often but that right now her mood is 'good.'" AR 1420. Plaintiff's insight into her mental illness was simply "fair[,]" AR 1426–27, and she had "difficulty trusting and has intrusive thoughts about [her] abuse and nightmares, she has physiological and psychological distress at mention of and presence of abuse. Reports dissociative symptoms. [Plaintiff] feels different from other people and estranged from them." AR 1427.

As Plaintiff notes, it is unclear "why the normal MSEs of record outweigh the abnormal MSE findings of record[,]" Dkt. 11 at 6, and here, the ALJ appears to have "cherry-picked some of [the medical records'] characterizations of [Plaintiff]'s rapport and demeanor instead of considering these factors in the context of [Dr. Beda's] diagnoses and observations of

---

[4] The Court observes that the ALJ also cites to Exhibit C10F/48, 52–53, 56, 59, to support his finding that Dr. Beda's opinion was not consistent with the normal "mental status examination findings[.]" AR 31. Nonetheless, the ALJ disregards evidence from these records where Plaintiff reported "her mood is low, is experiencing crying spells, fatigue, anhedonia, frustration, hopelessness, and SI [suicidal ideation,]" AR 889, stated her mood consisted of "extremes[,]" AR 894, and was observed to have "OK" insight into her mental illness. AR 897. Other instances of "normal" MSEs cited by the ALJ include Exhibit C11F/18, which was an appointment for "left shoulder pain[,]" not Plaintiff's mental limitations, AR 913, 916, and Exhibit C16F/22-23, which are records from an occasion where Plaintiff "experienced a pressure in the center of her chest" and not a mental health appointment. AR 1043–44.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

impairment." *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014). The Court concludes that the ALJ's finding that Dr. Beda's opinion was inconsistent with Plaintiff's "relatively normal mental status examination findings during this period," including Plaintiff's "appearance/grooming, behavior, cognition, judgment, impulse control, insight, mood and affect, sensorium functions, speech/language, and stream of mental activity were appropriate, grossly intact, good/fair, or normal[,]" AR 32, was not supported by substantial evidence.

Next, Plaintiff argues that the ALJ "improperly rejected Dr. Beda's opinion on the basis that she failed to identify objective evidence during this period to support and/or explain her ratings" but that Dr. Beda's opinion "was informed by her treatment relationship" and supported by "reflected in and consistent with the treatment notes that were created during Plaintiff's course of treatment with her physician." Dkt. 11 at 6. Indeed, Dr. Beda "treated Plaintiff for over a decade[,]" *Id.* at 7, and her records reflect "extreme" social anxiety, which informs her opinion that Plaintiff would be unable to work any job with social interaction. AR 552, 593–689.

The Ninth Circuit, however, has held that a physician's opinion forms "do not stand alone[,]" but are to be considered in the context of the longitudinal records from that physician. *See Garrison*, 759 F.3d at 1014 n.17 ("The check-box forms did not stand alone: they reflected and were entirely consistent with the hundreds of pages of treatment notes created by [the opining physicians] in the course of their relationship with [the plaintiff].") For this reason, the Court concludes that the ALJ's finding that Dr. Beda's opinion was unsupported by objective evidence itself, is not supported by substantial evidence, because Dr. Beda's opinion was based upon her decade-long relationship with Plaintiff as her primary care provider. AR 593–689.

Finally, despite the ALJ concluding that Plaintiff expressed "general satisfaction with and [was] doing well with her prescription medications" AR 32, the ALJ cites two instances—from a

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

three-month period in 2024—to support this proposition. *Id.* In fact, Plaintiff did not exclusively report that she was "doing well" at these appointments, as the ALJ contends, but that she "struggles with feeling depressed often but that *right now* her mood is 'good.'" AR 1420 (emphasis added). Plaintiff did not report that she was "doing well" generally, as the ALJ suggests, but *right now*. *Cf.* AR 32, AR 1420; s*ee also Reddick v. Chater*, 157 F.3d 715, 723 (9th Cir. 1998) (holding that the ALJ erred by "paraphrasing of record material [that was] not entirely accurate regarding the content or tone of the record").

As our Courts have long recognized, "[t]he fact that [mental health] symptoms wax and wane in the course of treatment is to be expected, it does not create an inconsistency[.]" *Garrison*, 759 F.3d at 1017 (internal quotation marks and citation omitted). This finding by the ALJ is not inconsistent with Dr. Beda's opinion regarding Plaintiff's limitations due to social anxiety. Indeed, despite the ALJ's assertions that Plaintiff was "doing well" with her medications, the Court observes that Plaintiff was "often suicidal[,]" AR 1248, and presented at appointments "in crisis." AR 1267. In fact, on September 6, 2024, a few months after Plaintiff reported "doing well" on her medications, as the ALJ contends, Plaintiff reported that she had "been feeling more despondent, 'betrayed, abandoned, dismissed, unimportant' and this has led to suicidal ideation, but no plan." AR 1167.

After review, the Court concludes that the ALJ's supportability and consistency findings regarding Dr. Beda's opinion are not supported by substantial evidence, and for this reason, the ALJ erred in her evaluation of Dr. Beda's opinion. *See Woods*, 32 F.4th at 792. Applying the harmless error analysis, the Court concludes that, had the ALJ properly considered Dr. Beda's opinion, Plaintiff's RFC may have included additional limitations—such as additional limitations to Plaintiff's social interactions beyond those included in the RFC—or the ultimate determination

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

of disability may have changed. This error, therefore, is not harmless, and the matter must be remanded to the Administration.

B.    Remaining Issues

In light of this disposition, the Court need not address Plaintiff's remaining argument regarding her subjective symptom testimony because the ALJ must re-evaluate the entire sequential evaluation process on remand, including all of the medical opinion evidence and Plaintiff's subjective symptom testimony. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective."); *Watson v. Astrue*, No. ED-CV-09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (concluding the RFC and hypothetical questions posed to the vocational expert at Step Five were defective when the ALJ did not properly consider physicians' findings).

**IV.    Conclusion**

Based on the foregoing reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for further administrative proceedings consistent with this order.

Dated this 22nd day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9